**HOUGH v. GENERAL MOTORS SALES CORPORATION et al.**

Civil Action No. 3903.

District Court, S. D. California,
Central Division.

Dec. 19, 1945.

Hill, Morgan & Farrer, T. Vincent Morgan, Leonard Husar, and Charles P. McCarthy, all of Los Angeles, Cal., for plaintiff.

Flint & MacKay, Wesley L. Nutten, Jr., and Roscoe C. Andrews, all of Los Angeles, Cal. (Henry M. Hogan and P. J. B. Crowley, both of Detroit, Mich., of counsel), for defendant.

J. F. T. O'CONNOR, District Judge.

This is an action for damages for cancellation of the Sales Agreement between the plaintiff and the defendant. It was agreed that General Motors Corporation had assumed all liabilities and assets of the General Motors Sales Corporation. The action proceeded against the General Motors Corporation, alone. The jury returned a verdict for the plaintiff in the sum of $25,000. The defendant made its motion of non obstante veredicto and for a non suit and for a new trial upon the ground that the Agreement does not constitute a legal contract, either as a whole or in any of its parts; that the Sales Agreement lacks mutuality of assent and obligation neces-

sary for a binding executory contract in that it is a non-exclusive selling agreement representing no legally enforceable obligation upon the seller to sell or upon the dealer to buy any definite products, but merely sets forth the basis on which orders for cars and incidental products to be manufactured will be handled; the agreement does not constitute a binding separable contract as to parts and accessories, or as to customer labor service; the selling agreement was rendered impossible of performance and was terminated in its entirety due to stoppage of new car production; and even assuming that the provisions in respect of parts and accessories constitute a legal separable contract, same was rendered impossible of performance and was terminated by the Federal Trade Commission cease and desist order; that the selling agreement provides that the plaintiff shall perform to the satisfaction of the defendant, and the question of satisfaction is one for the defendant alone to determine and is not a proper question for submission to a jury; and that no damages are recoverable since the loss of profits were not contemplated by the parties as a measure of damages; and that plaintiff's own evidence shows that he was incapacitated to perform under this particular type of selling agreement which required his personal services.

The contract was the usual contract between the General Motors Corporation and its dealers for the sale of its Chevrolet motor vehicles, chassis, parts and accessories to be sold in Los Angeles territory, zone 20. The defendant cancelled the agreement on November 3, 1943, on the ground that the agreement was a personal service agreement, and the ground alleged in the Notice of Termination, October 30, 1943, to the plaintiff was: "Incapacity of Dealer."

The plaintiff suffered a stroke on March 23, 1941. Doctor Albert Gordon Bower was the family physician and he attended the plaintiff. Dr. Bower testified that plaintiff's disability started on March 24, 1941, with paralysis of the right side of his body, involving speech center. His diagnosis was cerebral embolus with right hemiplegia. He found the plaintiff lying on the floor of his home beside a mechanical exercisor of the type known as a mechanical horse. The plaintiff had fallen from the horse, and when found by his wife was unable to speak, his right side completely paralyzed, involving the arm and leg. He had been treated for external hemorrhoids. It was the doctor's opinion that plaintiff's condition was due to formation and dislodgment of a small clot from hemorrhoid which lodged in one of the arteries of the brain, producing paralysis and inability to speak due to the shutting off of the blood supply to the vital center in the brain which controls the function of speech and locomotion on the right side. Other doctors disagreed with this diagnosis. The plaintiff answered questions by nodding his head. He was put to bed for absolute rest, and general supportive measures were instituted. Plaintiff made gradual improvement, but never complete return of function to the left hand and arm. He gradually became able to speak and articulation and phonation became increasingly intelligible. Dr. Brown saw plaintiff the last time on November 11, 1944 when he was walking in the Brown Derby Restaurant, and stated that his answers were lucid and intelligible.

Dr. Bower entered the Medical Corps Reserve of the United States Navy as an officer on December 10, 1941. Prior to November 1944 the doctor stated he had seen plaintiff for the last time in November or December, 1941, stating:

"He walked into my office and left my office under his own power. He had been going down to his place of business in order to control and conduct the same with my permission for a variable period of two to four hours daily."

Dr. Bower believed that plaintiff's recovery would be enhanced by attending to his business.

The plaintiff had a disability insurance policy and he collected the full amount of disability under the policy from March 23, 1941 to July 12, 1942. Plaintiff's affidavits were introduced in which it was stated he was completely disabled. The affidavits were signed either by his wife, or, in several instances, with an "x" by plaintiff.

The question of his total disability was submitted to the jury and the jury found the plaintiff was not totally disabled. There being a conflict in the testimony, the findings of the jury are binding upon this court.

The plaintiff contended that, while the agreement provided for cancellation, the agreement was not cancelled in accordance with the terms of the agreement; the date of cancellation being November 3, 1943. Plaintiff demanded $150,000 for the alleged wrongful cancellation of the contract.

710

The defendant contends:

(1) That the selling agreement lacks mutuality and was merely a license to sell Chevrolet motor cars, parts and accessories, and that the plaintiff was not bound to purchase any certain number of cars or accessories, and the defendant was not required to furnish any particular number of cars or accessories.

(2) That the Federal Trade Commission docket No. 3152, In the Matter of General Motors Corporation, made its order on June 25, 1942, ordering defendant to cease and desist from requiring dealers to purchase or deal in accessories or supplies sold and distributed by defendant, and further to desist from cancelling or threatening to cancel agreements for the failure of the dealer to purchase such accessories and several other provisions.

It was agreed that the manufacture of new cars by automobile manufacturing companies in the United States was prohibited after February 1942, and no new cars were delivered after March 1942.

It is clear to the court that no damages could be found or assessed against defendant for the failure to deliver new cars to the plaintiff, as the Government prohibited manufacture and delivery of new cars after the cancellation of the selling agreement. The Cease and Desist order allowed plaintiff to purchase accessories and parts from any source available and more than 50% of the accessories and parts were purchased by plaintiff from other sources than defendant.

Plaintiff contended that it was entitled to damages for repairs on Chevrolet cars. There was no evidence that plaintiff was prohibited from repairing Chevrolet cars or other cars and, in fact, the evidence showed that large profits were made by plaintiff from the repair department of his organization after the cancellation of the agreement.

The evidence further disclosed that during the war period the demand for repairs on cars was so great that all of the garages and other organizations doing repair work in the vicinity of Los Angeles were unable to promptly repair all of the cars offered for repair work.

The court is convinced that there is no evidence to support the verdict of the jury, and the motion of the defendant for non obstante veredicto is granted. An exception will be allowed the plaintiff. The motion for a new trial is denied.

Judgment in accordance with this opinion will be prepared by the defendant and filed with this court on or before Friday, December 21, 1945, at 5:00 P. M.